# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHERRY R. LUKES,                              ) | |
|                            Plaintiff,         ) | Case No.:  2:14-cv-00077-GMN-GWF |
|             vs.                               ) | **ORDER** |
|                                               ) | |
| CAROLYN W. COLVIN, Acting                     ) | |
| Commissioner of Social Security,             ) | |
|                                               ) | |
|                            Defendant.         ) | |

Pending before the Court for consideration is the Motion to Remand (ECF No. 15) filed by Plaintiff Sherry R. Lukes ("Plaintiff") and the Cross-Motion to Affirm (ECF No. 16) filed by Defendant Carolyn W. Colvin ("Defendant").  These motions were referred to the Honorable George W. Foley, Jr., United States Magistrate Judge, for a report of findings and recommendations pursuant to 28 U.S.C. §§ 636 (b)(1)(B) and (C).  Judge Foley entered a Report and Recommendation (ECF No. 20), recommending Plaintiff's Motion to Remand be denied and Defendant's Cross-Motion to Affirm be granted.  Plaintiff has filed an Objection to the Report and Recommendation (ECF No. 21), and Defendant has filed a Response (ECF No. 22).

## I.      BACKGROUND

Pursuant to Title II of the Social Security Act, Plaintiff applied for disability insurance benefits on April 22, 2010, alleging a period of disability beginning on January 5, 2010 due to fibromyalgia, hypertension, asthma/bronchial condition, Graves disease, degenerative disc disease of the spine, and Obesity. (Administrative Record ("A.R.") 32, 139).  Plaintiff's application was denied, and following a hearing on February 13, 2012, an Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for benefits. (Id. 30–40, 47–60).

1    In the decision, the ALJ applied the five-step sequential evaluation process established by

2    the Social Security Administration to determine whether Plaintiff was disabled.[1] (*Id.* 30–40).  In

3    assessing Plaintiff's residual functional capacity ("RFC") at the beginning of step four of the

4    analysis, the ALJ determined that Plaintiff could perform light work with certain additional

5    limitations, including that she could only occasionally climb ramps, stairs, or ladders; could

6    frequently balance, stoop, kneel, crouch, and crawl; could never climb ropes or scaffolds; and

7    should avoid exposure to extreme temperatures or to concentrated chemicals, dust, or fumes.  (*Id.*

8    34).  The ALJ further found that much of Plaintiff's testimony about her disability was not

9    credible and was inconsistent with her RFC. (*Id.* 35).  The ALJ subsequently concluded that

10   Plaintiff could still perform her previous jobs as an apartment manager, courier, and secretary.

11   (*Id.* 38).  Furthermore, at step five of the analysis, the ALJ determined that there were a

12   significant number of alternate occupations that Plaintiff could hold existing in the national

13   economy, including silverware wrapper or data entry clerk. (*Id.* 39–40).  Accordingly, the ALJ

14   concluded that Plaintiff was not disabled. (*Id.* 40).

15   Following the ALJ's decision, Plaintiff filed a Request for Review, which was denied by

16   the Appeals Council, rendering the ALJ's decision final and reviewable by this Court. (A.R. 5–

17   8).  Subsequently, on January 29, 2014, Plaintiff filed her Complaint (ECF No. 3) before this

18   Court seeking a reversal of the ALJ's decision.

---

[1] The five-step sequential evaluation procedure, during which a finding at any step that a claimant is disabled or not disabled concludes the assessment, is as follows: Under the first step, the Secretary determines whether a claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b).  If so, the claimant is not considered disabled. *Id.* § 404.1520(b).  Second, the Secretary determines whether the claimant's impairment is severe. *Id.* § 416.920(c).  If the impairment is not severe, the claimant is not considered disabled. *Id.* § 404.152(c). Third, the claimant's impairment is compared to the "List of Impairments" found at 20 C.F.R. § 404, Subpt. P, App. 1.  The claimant will be found disabled if the claimant's impairment meets or equals a listed impairment. *Id.* § 404.1520(d).  If a listed impairment is not met or equaled, the fourth inquiry is whether the claimant can perform past relevant work. *Id.* § 416.920(e).  If the claimant can engage in past relevant work, then the claimant is not disabled. *Id.* § 404.1520(e).  If the claimant cannot perform past relevant work, but the Secretary demonstrates that the claimant is able to perform other kinds of work, the claimant is not disabled. *Id.* § 404.1520(f). Otherwise, the claimant is entitled to disability benefits. *Id.* § 404.1520(a).

## II.   LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a de novo determination of those portions of the Report and Recommendation to which objections are made. *Id.*  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

A federal court's review of an ALJ's decision on social security disability is limited to determining only (1) whether the ALJ's findings were supported by substantial evidence and (2) whether the ALJ applied the proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *Delorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

## III.   DISCUSSION

The sole argument Plaintiff raises in her Motion to Remand is that the ALJ erred in finding that Plaintiff could still perform her past relevant work because that finding was contradictory to the testimony of the examining physician, Dr. Casper, and was not supported by substantial evidence. (Mot. to Remand 4:17–11:18, ECF No. 15).

In the Report and Recommendation, Judge Foley found that the ALJ's finding that Plaintiff could perform past relevant work was supported by substantial evidence—specifically the opinion of the non-examining physician, Dr. Coolidge, and portions of Dr. Casper's own findings—and that the ALJ's reasons for discrediting some of Dr. Casper's testimony were therefore legitimate. (Report and Recommendation 20:18–25:2, ECF No. 20).  Accordingly, Judge Foley found that the ALJ did not err in giving Dr. Coolidge's opinion greater weight than

Dr. Casper's and in finding that Plaintiff has the RFC to perform light work. (*Id.* 25:4–8).

In her Objection, Plaintiff argues that the ALJ did err in favoring Dr. Coolidge's opinion over Dr. Casper's because in Social Security disability benefits cases, the opinions of an examining physician are generally given more weight than to those of a reviewing physician. (Objection 3:13-7:6, ECF No. 18) (citing 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(1)). Favoring a non-examining physician's testimony over the testimony of an examining physician, however, is not a legal error when it is also supported by other independent evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) ("Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record."). In this case, the ALJ discredited portions of Dr. Casper's opinion because they were contradicted by Dr. Coolidge and because they were contradicted by the medical record as a whole and by other portions of Dr. Casper's own findings. (A.R. 36–37).

In essence, Plaintiff is asking the Court in her Motion to Remand and Objection to reweigh the evidence in order to reverse the ALJ's finding. However, the role of this Court on review is not to reweigh the evidence and arrive at an independent conclusion, but to determine whether the ALJ's findings were supported by substantial evidence and based on the proper legal standard. *Smolen*, 80 F.3d at 1279; *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). Having reviewed the record, the Court agrees with the recommendation of Judge Foley and finds that the ALJ's determination that Plaintiff can perform her past relevant work was supported by substantial evidence and based on the proper legal standard. Accordingly, Plaintiff's Objection is without merit.

/ / /

**IV.**   **CONCLUSION**

   **IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 20) is **ACCEPTED and ADOPTED in full** to the extent it is consistent with this opinion.

   **IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (ECF No. 15) is **DENIED** and Defendant's Cross-Motion to Affirm (ECF No. 16) is **GRANTED**.

   The Clerk of the Court shall enter judgment accordingly and close the case.

   **DATED** this 30th day of July, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court